E-FILED
Monday, 02 November, 2026 11:59:04 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| SCOTT PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:25-cv-02209-MMM |
| | ) | |
| JONATHAN EK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se, seeks to pursue claims in this Court. His Motion for Leave to File Supplements to First Amended Complaint, Dkt. 16, is functionally a motion for leave to amend, and is granted. The Clerk is to docket it, and that pleading is now the current operative pleading.

**MERIT REVIEW**

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Allegations

Plaintiff's Amended Complaint names twenty Defendants. His allegations span a period from June 2024 to present.

He alleges several sets of facts that are, in one sense, connected, as they all relate to his health and medical treatment. On the other hand, the allegations are near impossible to parse, as they consist of an almost-daily log of Plaintiff's interactions with medical personnel over two years.

Plaintiff's medical conditions are several.

He is obese.

He suffers from chronic back and neck pain.

He suffers from oral care issues.

He is experiencing digestive tract issues that include at least his esophagus, stomach, renal tract, and bowels, and experiences urinary elimination problems and recurrent urinary tract infections, constipation, ulcers, and digestive issues.

He is diabetic and experiences related neuropathy.

He suffers from de Quervain's tenosynovitis.

He suffers from degenerative shoulder issues.

He suffers from foot issues.

He suffers from cardiovascular problems and experiences symptoms including low blood pressure and high blood pressure.

He suffers from anxiety and alleges mental health care issues.

He is hearing impaired and alleges issues related to his hearing.

He complains about lack of access to an eye doctor.

His amended complaint seeks to pursue claims related to these issues, and includes occurrences at Stateville and Danville Correctional Centers. Plaintiff also desires to sue a large number of IDOC administrative personnel based on their involvement with his medical, hearing, optical, oral, and mental health care or their involvement with his grievances related to these issues.

Plaintiff has received extensive medical treatment, including treatment and assessment by a number of medical specialists. He has had a number of surgical interventions to various body systems. He is quite unhappy with the care he is currently receiving.

Analysis - Joinder

A plaintiff may join defendants in the same action only if the claims against each one arise out of the same transaction, occurrence, or series of related transactions or occurrences. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018); Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant

B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Id.* (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Finally, the Court has discretion to sever claims that, while perhaps technically properly joined, are more effectively and properly resolved in separate cases.

Plaintiff's pleadings run counter to the joinder rules. Plaintiff combines many issues and Defendants that are unrelated to one another by time or location, aside from having some connection to his mental, physical, oral, hearing, and optical care. If Plaintiff wants to sue different Defendants about things that are not bound by a common core of operative facts he needs to do so in separate lawsuits.

The Seventh Circuit has outlined the following best practice for this situation:

> If joinder is improper, the court has several options available to it. The court may strike the complaint and grant leave to replead. *See Perez*, 792 F.3d at 783. The court may dismiss improperly joined defendants if doing so will not prevent the plaintiff from timely refiling those claims. *See* Fed. R. Civ. P. 21 ("[T]he court may ..., on

> just terms, ... drop a party."); *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000) (stating that a district court must not dismiss misjoined claims when there is a risk of "statute of limitations consequences"). Or the court may sever the case into two or more actions. Fed. R. Civ. P. 21. Because paying a second filing fee may impose a substantial financial burden on a prisoner, *see Taylor*, 787 F.3d at 853–84, the court should not sever claims without a plaintiff's consent or acquiescence. Instead, it should allow him to opt for partial dismissal rather than severance.
>
> We suggest a district court faced with misjoined claims begin, as the district court did here, by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem.
>
> If the plaintiff proves unable or unwilling to correct the misjoinder by repleading his complaint, we recommend the approach taken by the district court in *Taylor.* The court can inform the plaintiff that it will dismiss certain defendants or sever certain claims unless the plaintiff otherwise resolves the issue by a deadline. *See id.* If dismissal will prevent refiling a claim due to the statute of limitations, the court should make clear the consequences of dismissal and severance to enable the plaintiff to make an informed decision about his case. This process will spare district courts the task of screening numerous iterations of complaints without prejudicing plaintiffs. We emphasize again that dismissing an entire case for misjoinder is improper and is reversible error if it prejudices a plaintiff's ability to refile his claims. *See Elmore*, 227 F.3d at 1012.

*Dorsey v. Varga*, 55 F.4th 1094, 1107–08 (7th Cir. 2022).

**Plaintiff is therefore now admonished as follows.** Before the Court causes Plaintiff the expense of numerous filing fees for several severed cases, and before exposing Plaintiff to the risk that he will accrue one or more "strikes" under 28 U.S.C. 1915(g) (pro se prisoner litigants face a filing restriction if three or more of their lawsuits

are dismissed as frivolous, malicious, or for failure to state a claim), it must allow Plaintiff an opportunity to proceed in only so many specific lawsuits as he desires.

The Court finds that the following sets of allegations belong in separate lawsuits:

1. Plaintiff's allegations related to actions or inactions by employees at Stateville Correctional Center. This includes Plaintiff's allegations against Defendants Dr. Elizabeth Perez, Brian Chua, and Charles Truitt. If Plaintiff elects to pursue this claim, the Court will transfer a copy of the Motion to Sever (discussed below) and attachments, with its Order severing these claims, to the Northern District of Illinois for proceedings there.

2. Plaintiff's allegations related to eye care at Danville.

3. Plaintiff's allegations related to oral care at Danville.

4. Plaintiff's allegations related to hearing care at Danville.

5. Plaintiff's allegations related to mental health treatment at Danville.

6. Plaintiff's allegations related to his care for his musculoskeletal, digestive, pain, and other chronic medical conditions at Danville.

**If Plaintiff seeks to pursue claims for <u>any</u> of these categories, then he must file a motion to sever by November 30, 2026, <u>for each claim that he desires to pursue</u>.** The following **must be attached to each distinct motion to sever**: 1) a new complaint setting forth **Plaintiff's allegations about that specific claim and <u>limited to that specific claim</u> and the Defendants Plaintiff seeks to sue for that claim**; and 2) a petition to proceed *in forma pauperis* or full payment of the $405 filing fee.

**IF PLAINTIFF DOES NOT FILE A MOTION TO SEVER ANY CLAIMS THEN PLAINTIFF'S AMENDED COMPLAINT IN THIS CASE WILL BE STRUCK, WITHOUT PREJUDICE, AS IMPROPERLY JOINED, AND PLAINTIFF WILL BE GIVEN A FINAL SHORT DEADLINE TO AMEND IN COMPLIANCE WITH THE**

**JOINDER RULES. IF HE DOES NOT DO SO THE LAWSUIT WILL BE DISMISSED WITHOUT PREJUDICE.**

Plaintiff is advised that constitutional claims are subject to a two-year statute of limitations. If Plaintiff does not seek leave to sever claims that **may result in certain claims being dismissed and becoming barred by the statute of limitations.**

For each properly filed motion to sever (aside from claims that are transferred to the Northern District of Illinois) this Court will be in a position to better assess the nature of Plaintiff's desired path as to the federal litigation he has initiated. For properly joined allegations, the Court will sever those allegations into new lawsuits and rule on Plaintiff's request(s) to proceed without prepayment of fees. The Court may determine additional severance of claims is necessary and will address that issue if required. The Court will then perform a merit review to determine if the allegations state a claim for relief.

**INJUNCTIVE RELIEF**

Plaintiff has filed a Motion for Preliminary Injunction. Dkt. 21. He states that he is not receiving the care that he believes to be appropriate for his chronic back problems, for which he previously had two unsuccessful surgeries before coming to Danville, and he is experiencing significant pain from this condition. He states that his chronic shoulder issue is also not receiving the treatment that he believes to be appropriate and he is experiencing pain. Finally, he acknowledges that his heart condition has not yet been diagnosed, but believes the process for assessing his heart condition is proceeding improperly.

As to the back and shoulder conditions, Plaintiff's current physician, Dr. Jonathan Ek, has proceeded in certain instances in ways that are different from the treatment that Plaintiff received when he was at Stateville. Dr. Ek has also declined to take certain actions recommended by other physicians who have assessed Plaintiff, including declining to effect an MRI on the schedule Plaintiff desires. And as Plaintiff asserts, Dr. Ek is not taking the actions that Plaintiff believes should be taken to diagnose his heart condition.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right."). To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

The Prisoner Litigation Reform Act (PLRA) further limits the scope of the Court's authority to enter an injunction in the corrections context. *Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires

preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer,* 682 F.3d at 683 ("This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage." (cleaned up)).

The purpose of a temporary restraining order and ultimately a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). The relief Plaintiff seeks here is different. The Seventh Circuit has described the type of injunction Plaintiff seeks, where an injunction would require specific affirmative acts by a defendant, as a mandatory preliminary injunction. *Graham v. Med. Mut. of Ohio,* 130 F.3d 293, 295 (7th Cir. 1997). Mandatory injunctions are "cautiously viewed and sparingly issued," because they require the court to command a defendant to take a particular action, rather than refrain from acting. *Id.* (citing *Jordan v. Wolke,* 593 F.2d 772, 774 (7th Cir. 1978)).

The Court has provided Plaintiff a deadline to clarify his pleadings. The Court has not yet screened Plaintiff's pleadings as required by 28 U.S.C. § 1915A regarding any of his several sets of allegations. Plaintiff must show that the Defendants he seeks to enjoin acted with deliberate indifference towards a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

A medical professional acts with deliberate indifference only if the evidence shows that "no minimally competent professional would have so responded under

those circumstances." *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). Or, stated differently, when the decision constitutes "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Petties v. Carter*, 836 F.3d 722, 729 (7th Cir. 2016) (en banc).

Plaintiff has not provided evidence that the course Dr. Ek and the other medical staff at Danville are following is so deficient that no competent medical professional would take the steps that have been taken. Plaintiff alleges an extensive list of medical and mental health concerns, and based on his Amended Complaint it appears he has been active in advocating for more or different treatment from Defendants for all of those issues. Plaintiff's allegations indicate that he disagrees with the course of treatment Defendants have offered, that Defendants have provided a course of treatment different from that previously provided (at Stateville), and that Plaintiff desires alternative and additional treatment, none of which are sufficient to show a constitutional violation. *Petties*, 836 F.3d at 729 ("Evidence that *some* medical professionals would have chosen a different course of treatment is insufficient to make out a constitutional claim.") (emphasis in original); *Harper v. Santos*, 847 F.3d 923, 928 (7th Cir. 2017) (prisoner is not entitled to dictate medical treatment); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (disagreement with course of treatment not sufficient to show constitutional violation). Much of Plaintiff's injunction request relates to his dissatisfaction with treatment of his chronic pain. But "treating pain allows considerable room for professional judgment. Medical professionals cannot guarantee

pain-free lives for their patients." *Norwood v. Ghosh*, 723 F. App'x 357, 365–66 (7th Cir. 2018).

The Court finds that Plaintiff has not shown a reasonable likelihood of success on the merits, based on the evidence he has provided, at this early stage of the case, and before the pleadings have been finalized.

The Court, however, is not insensitive to Plaintiff's complaints. To ensure that prison officials are aware of them and to mitigate any issues concerning Plaintiff's access to medical treatment, the Court will enter a short order, immediately following this one, requesting that as a courtesy to the Court the Warden at Danville take all penologically appropriate measures to ensure Plaintiff is receiving adequate healthcare.

**IT IS THEREFORE ORDERED:**

1. **Motion for Leave to File Supplements [16], which is functionally a Motion for Leave to Amend, is GRANTED. Clerk to docket same.**

2. **Plaintiff is directed to follow the Court's instructions above regarding the clarification of his claims. Once Plaintiff does so, the Court will take appropriate action, also as explained above.**

3. **Motion for Status [17] and Motion for Status [20] are MOOT.**

4. **Emergency Motion for Status [19] regarding conditionally granting Plaintiff's request for Court assistance in finding a volunteer attorney is GRANTED to the extent that the status is that the Court's Pro Bono Coordinator is in the process of requesting if attorneys that practice in this Court and before the Seventh Circuit are willing to volunteer to represent Plaintiff. The Court will enter an appropriate order at the conclusion of that process. Plaintiff is advised that there are many more individuals seeking free legal help on cases like this one than there are attorneys willing to volunteer to take on such a case, particularly where the recovery, even if successful, is often small.**

5. **Plaintiff's Motion for Preliminary Injunction [21] is DENIED. The Court will enter an order immediately following the entry of this Order, however,**

**to be directed to the Warden at Danville Correctional Center, requesting that individual, as a courtesy to the Court, take notice of Plaintiff's allegations of medical mistreatment, so that individual can take appropriate steps to ensure Plaintiff is receiving constitutionally adequate medical treatment.**

Entered November 2, 2026.

*s/Michael M. Mihm*

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE